IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN ALEXANDER JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:25-cv-03140-K-BT |
| MICHAEL JONES, SR., and THE | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

**Background**

On November 19, 2025, the Court issued a deficiency order, which required Plaintiff to either pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis*. ECF No. 4. That Order expressly noted that "failure to comply with this Order may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* Plaintiff was given until December 19, 2025, to comply. However, to date, Plaintiff has failed to submit an application to proceed *in forma pauperis* or pay the $405.00 filing fee.

## Legal Standard and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, Plaintiff has failed to pay the filing fee or move for leave to proceed *in forma pauperis* despite Court order. Thus, because Plaintiff has failed to timely comply with this Court's deficiency order, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Fed. R. Civ. P. 41(b).

## Recommendation

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**SO RECOMMENDED** on January 27, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. _See_ 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. _See Douglass v. United Servs. Auto. Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).